IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
MAR 26 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| IN RE: SPENCER DEAN AULT,      )<br>                                )<br>     Debtor.                    )<br>_____ )<br>                                )<br>SPENCER DEAN AULT,              )<br>                                )<br>     Appellant,                 )<br>                                )<br>     v.                         )<br>                                )<br>ESTATE OF ZUBAIDA AHMED, et al.,)<br>                                )<br>     Appellees.                 )  | 1:11cv1383 (LMB/TCB) |

## MEMORANDUM OPINION

Spencer Dean Ault appeals the decision of the bankruptcy court granting summary judgment in favor of the Estate of Zubaida Ahmed, the Trust Under Will of Zubaida Ahmed, the special fiduciary for that estate and trust, an accounting firm, and two attorneys, all of whom constitute the appellees. For the reasons stated in open court and below, the bankruptcy court's decision will be affirmed.

### I. BACKGROUND

Appellant Spencer Dean Ault was appointed executor of the estate of Zubaida Ahmed and trustee of the testamentary trust created by her last will and testament. In his capacity as trustee, Ault made a series of self-dealing loans "to

individuals with which he had a personal relationship and entities in which he has a direct personal interest." Report of Commissioner of Accounts at 4. The self-dealing transactions included loans to entities in which Ault "ha[d] a direct pecuniary interest," as well as to his wife, business partners, and secretary. Id. at 4-5. As a result of these transactions, the Commissioner of Accounts recommended that Ault be removed as executor and trustee, that he be ordered to return the $24,364.25 in administrative fees he paid to himself from the trust, and that he be required to repay to the trust the balance of all loans that had not been paid in full, with interest. Id. at 5-6. Upon the motion of the Commissioner of Accounts and objections to the draft account by the trust beneficiaries, the Loudoun County Circuit Court entered an Order on May 6, 2008, which required Ault to post a $300,000 bond, removed him as trustee, and appointed a special fiduciary for the trust (one of the appellees before this Court), who was to investigate and report on the profits Ault had received from these transactions and whether he should return any profits and administrative fees to the trust. See May 6, 2008 Order of the Loudoun County Circuit Court at 1-2.

On August 12, 2009, the Loudoun County Circuit Court entered a Trial Order, in which it found that "a series of acts conducted by Spencer Ault while serving as the Executor and

2

Trustee of the Estate of Zubaida Ahmed were not proper and can not [sic] be approved or condoned by the Court" and that Ault "breached his fiduciary duty...as he did not fully disclose details to the individual beneficiaries regarding financial investments made by him, to himself and others, and from which he and others personally benefitted monetarily from his misconduct and breach of fiduciary duty." See August 12, 2009 Trial Order at 1-4. The court ordered Ault to repay to the trust $274,746 plus interest, that sum representing his profits from the self-dealing loans to Crystal Falls LLC, an organization in which Ault had a "direct pecuniary interest." The court further ordered that Ault disgorge himself of the $46,300 in fees, plus interest, that he received to administer the trust. Finally, the court ordered Ault to pay all costs and attorneys' fees incurred by the various parties. The Virginia Supreme Court denied review on March 30, 2010. Appellees' Br. at 8.

Ault filed a voluntary petition under Chapter 7 for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia on November 22, 2010. Appellees brought an adversary proceeding seeking a declaration that the Loudoun County Circuit Court judgment was a non-dischargeable debt and arguing that Ault was "collaterally estopped from denying the holdings of the state court and the

3

judgment resulting therefrom." Mot. Summ. J. at 2. The bankruptcy court granted summary judgment in favor of appellees, finding that the judgment of the Loudoun County Circuit Court was non-dischargeable under 11 U.S.C. § 523(a)(4) "as it is a debt for a defalcation while acting in a fiduciary capacity." Order Granting Mot. Summ. J. at 2. It is from this decision that Ault appeals.

## II. DISCUSSION

### A. Standard of Review

On appeal, a district court reverses a bankruptcy court's factual findings only where they are "clearly erroneous." See, e.g., Fed. R. Bankr. P. 8013; In re Tudor Assocs. LTD (II), 20 F.3d 115, 119 (4th Cir. 1994). Questions of law are reviewed de novo. See, e.g., In re Tudor, 20 F.3d at 119.

### B. Preclusive Effect of the Loudoun County Judgment

The collateral estoppel rules of the forum state apply in bankruptcy dischargeability proceedings. Hagan v. McNallen (In re McNallen), 62 F.3d 619, 624 (4th Cir. 1995). Under Virginia law, "[t]he doctrine of collateral estoppel precludes parties to a prior action from litigating in a subsequent action any factual issue that was actually litigated and essential to a valid, final judgment in the prior action." Scales v. Lewis, 261 Va. 379, 382 (2001).

Title 11 U.S.C. § 523(a)(4) provides that a debt is not dischargeable in bankruptcy if it is "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The bankruptcy court found that the Loudoun County judgment was "a debt for defalcation while acting in a fiduciary capacity" and, as such, was not dischargeable. Ault contends that the state court's finding that he committed a breach of fiduciary duty does not equate to a finding of defalcation, and, therefore, that the state court's findings do not preclude litigation of the defalcation question before the bankruptcy court.[1]

---

[1] Ault spends a significant portion of his brief essentially attacking the state court decision by arguing that the beneficiaries of the trust "consented to the loans, ratified the transactions and did not...commence a judicial proceeding within the time allowed" and, as such, "the transactions are deemed as valid as if there had been no conflict of interest." Appellant's Br. at 10. He also contends that the state court wrongly ordered him to turn the Crystal Falls profits over to the trust. By asserting in the bankruptcy proceeding that appellees' claims were time-barred and that his profits should not be paid to the estate, Ault in essence attempts to collaterally attack the valid final judgment of the Loudoun County Circuit Court; however, the proper venue for raising these issues was the Loudoun County Circuit Court and then on appeal in the state court system. Moreover, Ault cannot relitigate issues that were already considered and decided by the state court, including whether the beneficiaries of the trust consented to the self-dealing loans. For these reasons, Ault's argument that the bankruptcy court erred in "concluding that any profits obtained by a trust fiduciary for his business interests automatically becomes proceeds of the trust upon the trustee granting a loan from the trust to the personal business interest" fails. Id. at 16.

For a debt to be non-dischargeable under § 523(a)(4), a creditor must show "(1) that the debt in issue arose while the debtor was acting in a fiduciary capacity; and (2) that the debt arose from the debtor's fraud or defalcation." Kubota Tractor Corp. v. Strack (In re Strack), 524 F.3d 493, 497 (4th Cir. 2008). Here, because Ault clearly acted in a fiduciary capacity in his role as trustee of the Zubaida trust, the only issue in dispute is whether the Loudoun County Circuit Court's findings support a conclusion of defalcation. "A defalcation under 523(a)(4) is misappropriation of trust funds or money held in any fiduciary capacity; or the failure to properly account for such funds." Pahlavi v. Ansari (In re Ansari), 113 F.3d 17, 20 (4th Cir. 1997) (internal quotation marks, citation, and alterations omitted). A defalcation thus does not necessarily "rise to the level of embezzlement or even misappropriation." In re Strack, 524 F.3d at 498 n.7 (quoting In re Ansari, 113 F.3d at 20) (internal quotation marks and alterations omitted). Accordingly, "negligence or even an innocent mistake which results in misappropriation or failure to account is sufficient." Republic of Rwanda v. Uwimana (In re Uwimana), 274 F.3d 806, 811 (4th Cir. 2001).

The record unequivocally demonstrates that the Loudoun County judgment constitutes debt resulting from defalcation and is thus non-dischargeable. The Report of Commissioner of

6

Accounts initially documented the many ways in which Ault misappropriated trust funds and his egregious failure to properly account for the moneys in his care. The Commissioner specifically found that, due to the volume of loans and repayments, "which are not corroborated with bank statements or other similar documents, the transactions on the account can not [sic] be tracked or verified." Report of Commissioner of Accounts at 2. The Commissioner further reported that Ault had been "unable to provide fully executed notes to corroborate the terms" of the self-dealing loans and that the Commissioner's calculations showed outstanding balances on many of the loans at issue, despite Ault's representations that they had been paid in full. Id. at 4-5. In addition, the circuit court judge explained on the record that Ault could not "benefit from [his] position personally unless the beneficiaries were all aware of what acts [he was] going to do and approved of them before these acts were committed," and held that the beneficiaries had not been aware of Ault's self-dealing conduct. See April 15, 2009 Judge's Ruling Tr. at 5:22-6:5; 7:16-18. As a result of its factual findings, the court concluded that Ault had breached his fiduciary duty. See August 12, 2009 Trial Order at 1-2 (holding that Ault breached his fiduciary duty by failing to "fully disclose details to the individual beneficiaries regarding financial investments made by him, to himself and others, and

7

from which he and others personally benefited monetarily from his misconduct and breach of fiduciary duty").

There is no definition of defalcation in the bankruptcy code. Without legal authorities supporting his argument, Ault asserts that defalcation "require[s] that there is trust corpus missing from the trust." Appellant's Br. at 8-9. Essentially arguing "no harm, no foul," Ault maintains that because the self-dealing loans have in fact been returned to the trust with interest, no defalcation occurred.[2] Ault fails to cite a single case to support this proposition, instead relying exclusively on the Oxford English Dictionary ("OED") definition of "defalcation," which he contends requires funds to be missing from the trust. He supports his argument by referencing the fifth OED definition of "defalcation," which defines the term as "[a] monetary deficiency through breach of trust by one who has the management or charge of funds; a fraudulent deficiency in money matters...the amount so misappropriated." The Oxford English Dictionary 369 (2d ed. 1989).

The OED does not help Ault because he did create a deficiency in the trust by retaining for his personal benefit the profits he made by investing the trust moneys in Crystal

---

[2] As the Commissioner of Accounts reported, Ault's accounting practices rendered it very difficult to verify the whereabouts of the trust funds at the time of the initiation of the Loudoun County Circuit Court proceedings.

8

Falls. Had the Crystal Falls investment been made on behalf of the trust, the resulting profits would have been due to the trust. Instead of benefitting the trust, the investment benefitted Ault. As such, Ault misappropriated the profits of the investment for his personal benefit, thereby creating a deficit in the trust corpus. Consistent with this reasoning, the Loudoun County Circuit Court found that the profits Ault earned on the Crystal Falls transaction belonged to the trust and ordered such funds to be repaid.

Moreover, directly contrary to Ault's position is BankChampaign, N.A. v. Bullock (In re Bullock), No. 10-80003, 2010 Bankr. LEXIS 1783 (Bankr. N.D. Ala. May 27, 2010), aff'd, 2012 U.S. App. LEXIS 2908 (11th Cir. Feb. 14, 2012), in which the United States Bankruptcy Court for the Northern District of Alabama addressed facts very similar to those involved in Ault's case. An Illinois state court had entered a judgment finding that Bullock, a trustee, breached his fiduciary duty by entering into a series of self-dealing loans. The state court awarded damages "based on the benefit [he] received from his breach of fiduciary duty" as well as attorneys' fees, even though the debtor had "repaid the misappropriated funds to the trust." Id. at *16. The bankruptcy court gave preclusive effect to the state court's judgment, finding that the judgment was non-dischargeable as a debt for defalcation while acting in a

9

fiduciary capacity. Here, too, returning the loaned funds to the trust does not defeat a finding of defalcation.

## III. CONCLUSION

For these reasons, the record adequately demonstrates that the decision of the Loudoun County Circuit Court was based on conduct constituting defalcation under 11 U.S.C. § 523(a)(4), as Ault both misappropriated trust funds for his own benefit and failed to properly account for such funds in his capacity as trustee. Accordingly, the bankruptcy court's decision granting summary judgment in favor of appellees will be affirmed by an Order to accompany this Memorandum Opinion.

Entered this 26th day of March, 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

10